**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JIMMY R. GONZALEZ SARANGO, | Civil Action No. 26-8470 (JXN) |
| Petitioner, | |
| v. | |
| ARTHUR J. WILSON, JR., *et al.*, | **MEMORANDUM AND ORDER** |
| Respondents. | |

**NEALS**, District Judge

Before the Court is Petitioner Jimmy R. Gonzalez Sarango's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention by immigration authorities without an individualized bond hearing (ECF No. 1) and Respondents' letter response (ECF No. 5).

Petitioner, a citizen of Ecuador, entered the United States without inspection in 2021. (*See generally* ECF No. 1.) On June 25, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents in New York. (*Id.* at 7; ECF No. 5-1 at 2.) Petitioner was issued a Notice to Appear ("NTA"), charging him as removable from the United States and processing him pursuant to 8 U.S.C. § 1226(a). (*See* ECF No. 5-3.)

On July 9, 2026, Petitioner filed the instant Petition arguing that he is unlawfully detained under 8 U.S.C. § 1225(b) and is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See generally* ECF No. 1.) On July 14, 2026, the Court issued a Text Order finding Petitioner could not be lawfully detained under § 1225(b) and ordering his release. (*See* ECF No. 3.) Alternatively, the Court instructed Respondents to file an expedited answer to the Petition if they contended that this

matter is factually distinguishable from the numerous other § 1225(b) cases in this district. (*See id.*)

On July 17, 2026, Respondents filed an expedited answer. (ECF No. 5.) Respondents argue that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and not § 1225(b). (*See id.*) Respondents submit that Petitioner has already been scheduled for a bond hearing before an Immigration Judge ("IJ") on July 23, 2026. (*Id.* at 2.)

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner challenges his detention, arguing that he was unlawfully detained under 8 U.S.C. § 1225(b). (ECF No. 1 at 7-12) Petitioner argues that he could only be detained under § 1226(a), which would entitle him to a bond hearing. (*Id.*) As discussed above, Petitioner is detained under § 1226(a) and not § 1225(b). Additionally, Petitioner is already scheduled to receive his requested bond hearing. Accordingly, Petitioner's claim that he is unlawfully detained under § 1225(b) and is entitled to a bond hearing under § 1226(a) is meritless. Therefore, the Petition is denied without prejudice. Accordingly,

**IT IS**, on this 22nd day of July 2026,

2

**ORDERED** that the Petition (ECF No. 1) is **DENIED** *without prejudice*; it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

JULIEN XAVIER NEALS
United States District Judge

3